UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61325-BLOOM

ERIC L. JOHNSON,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
    _____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On June 18, 2021,[1] Petitioner Eric L. Johnson ("Petitioner") filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody, ECF No. [1], which attacks the constitutionality of his convictions and sentences entered after jury trial in the Seventeenth Judicial Circuit in Broward County, Florida Case No. 04-182582-CF-10B.[2] The Court has carefully reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

[2] The Court takes judicial notice of the relevant, publicly available Florida state court dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (the district court may take judicial notice of the records of inferior courts). In addition, to ensure that the record is complete, the Court has attached the relevant state court case dockets to this Order—i.e., Petitioner's Broward County criminal case, ECF No. [7] (Case No. 04-182582-CF-10B), and his appeals before the Fourth District Court of Appeal, ECF Nos. [8] (Case No. 4D08-1712), [9] (Case No. 4D09-3500), [10] (Case No. 4D11-2829), [11] (Case No. 4D11-2936), [12] (Case No. 4D12-1513), [13] (Case No. 4D19-3077).

I. **BACKGROUND**

Petitioner is a state inmate at Moore Haven Correctional Facility. ECF No. [1] at 1. A jury found Petitioner guilty of strong-arm robbery, leaving the scene of a crash, resisting arrest without violence, and aggravated fleeing and eluding of law enforcement. *Id.* On October 18, 2005, Petitioner was sentenced to 30 years imprisonment with a 15-year minimum mandatory as a prison release re-offender on the strong-arm robbery count, and 30 years imprisonment with a 10-year minimum mandatory on the aggravated fleeing and eluding count. *Id.* Petitioner was sentenced to time-served on the remaining counts. *Id.* Following his state court convictions, Petitioner appealed to the Florida Fourth District Court of Appeal ("Fourth DCA"). *Id.* at 2. The Fourth DCA affirmed the judgment on April 18, 2007, and Petitioner did not seek further review of his conviction with the Florida Supreme Court or the United States Supreme Court. *Id.*; *see also Johnson v. State*, 954 So. 2d 37 (Fla. 4th DCA 2007).

On March 24, 2008, Petitioner filed his first petition for habeas corpus relief alleging ineffective assistance of appellate counsel. ECF No. [1] at 3. The trial court denied the petition two days later. ECF No. [7] at 14. On April 28, 2008, Petitioner appealed to the Fourth DCA. *Id.*; *see* ECF No. [8] at 1-2) (construing appeal as petition for writ of habeas corpus); *Johnson v. State*, 3 So. 3d 426, (Fla. 4th DCA 2009) ("[A] petition for writ of habeas corpus alleging ineffective assistance of appellate counsel must be filed 'in the appellate court to which the appeal was or should have been taken.'" (citing Fla. R. App. P. 9.141(c)(2)). The Fourth DCA denied the petition as "legally insufficient" and issued its mandate on April 3, 2009. *Johnson*, 3 So. 3d at 426; ECF No. [8] at 2.

On July 8, 2008, while Petitioner's first petition for habeas corpus was pending before the Fourth DCA, Petitioner filed a motion for postconviction relief pursuant to Fla. R. App. P. 3.850 ("First Rule 3.850 motion"). ECF No. [1] at 3; ECF No. [1] at 14. The trial court denied the motion,

2

and the Fourth DCA per curiam affirmed on June 9, 2010. *Johnson v. State*, 39 So. 3d 332 (Fla. 4th DCA 2010). The Fourth DCA thereafter denied Petitioner's motion for rehearing, and the mandate issued on September 3, 2010. ECF No. [9] at 1.

On September 14, 2010, Petitioner filed his first motion to correct illegal sentence pursuant to Fla. R. App. P. R. 3.800 ("first Rule 3.800 motion"). ECF No. [7] at 13. On March 14, 2011, the trial court denied the first Rule 3.800 motion. *Id.* On August 1, 2011, Petitioner filed a belated appeal with the Fourth DCA. *Id.* at 12; ECF No. [11] at 1. On July 11, 2012, the Fourth DCA per curiam affirmed the denial, and its mandate issued on August 10, 2021. *Johnson v. State*, 92 So. 3d 885 (Fla. 4th DCA 2012); ECF No. [11] at 2.

On May 23, 2011, prior to filing the belated appeal to the Fourth DCA on his first Rule 3.800 motion, Petitioner filed a second motion to correct illegal sentence pursuant to Fla. R. App. P. R. 3.800 ("second Rule 3.800 motion"). ECF No. [7] at 13. On June 16, 2011, the trial court denied the second Rule 3.800 motion. *Id.* On July 19, 2011, Petitioner timely appealed to the Fourth DCA. *Id.*; ECF No. [10] at 1. On August 8, 2012, the Fourth DCA per curiam affirmed the denial, and on September 7, 2012, its mandate issued. *Johnson v. State*, 95 So. 3d 241 (Fla. 4th DCA 2011); ECF No. [10] at 1.

On March 1, 2012, Petitioner filed a second petition for writ of habeas corpus. ECF No. [7] at 12. On April 2, 2012, the trial court summarily denied the second habeas corpus petition, *id.*, and on April 11, 2013, the Fourth DCA per curiam affirmed the denial. *Johnson v. State*, 145 So. 3d 109 (Fla. 4th DCA 2013); ECF No. [12] at 1. The Fourth DCA noted that a "postconviction challenge would be untimely and successive in this case," and cautioned Petitioner that it would no longer accept any frivolous filings. ECF No. [12] at 2 (citing *State v. Spencer*, 751 So. 2d 47 (Fla. 1999)). On August 2, 2013, its mandate issued. *Id.*

On July 12, 2013 and July 18, 2013, Petitioner filed two more motions to correct illegal

3

sentences pursuant to Fla. R. App. P. R. 3.800 ("third Rule 3.800 motion" and "fourth Rule 3.800 motion" ). ECF No. [7] at 11. On July 18, 2013, the trial court denied both Rule 3.800 motions without prejudice. *Id.* On July 29, 2013, Petitioner filed a fifth motion to correct illegal sentence pursuant to Fla. R. App. P. R. 3.800 ("fifth Rule 3.800 motion"). *Id.* On September 24, 2013, the trial court denied the fifth Rule 3.800 motion. *Id.* And, on November 26, 2013, Petitioner's motion for rehearing was denied. *Id.* Petitioner did not appeal the denial. *Id.*

On February 11, 2014, petitioner filed a sixth motion to correct illegal sentence pursuant to Fla. R. App. P. R. 3.800 ("sixth Rule 3.800 motion"). *Id.* On August 12, 2014, the trial court denied Petitioner's sixth Rule 3.800 motion. *Id.* Petition did not file a motion for rehearing, nor did he appeal the denial with the Fourth DCA. *Id.*

On August 18, 2017, Petitioner filed a second motion for postconviction relief pursuant to Fla. R. App. P. 3.850 ("second Rule 3.850 motion"). ECF No, [1] at 4; ECF No. [7] at 11. On October 16, 2017, the trial court dismissed the second Rule 3.850 motion. *Id.*; ECF No. [7] at 10. Petitioner did not appeal the dismissal. Thereafter, on August 5, 2019, Petitioner filed a third motion for postconviction relief pursuant to Fla. R. App. P. 3.850 ("third Rule 3.850 motion"). *Id.* at 6. On August 27, 2019, the trial court dismissed the third Rule 3.850 motion. *Id.*; ECF No. [7] at 10. Petitioner appealed, and on December 12, 2019, the Fourth DCA per curiam affirmed the dismissal. *Johnson v. State*, 288 So. 3d 662 (Fla. 4th DCA 2019); ECF No. [13] at 1. The Fourth DCA went a step further. On January 30, 2020, in light of Petitioner's numerous postconviction appeals raising challenges that were procedurally barred and lacking merit, the Fourth DCA sanctioned Petitioner and directed the clerk "to no longer accept any paper filed by appellant unless the document has been reviewed and signed by a member in good standing of the Florida Bar who certifies that a good faith basis exists for each claim presented." ECF No. [13] at 2 (citing *State v. Spencer*, 751 So. 2d 47 (Fla. 1999)). On February 21, 2020, its mandate issued. *Id.*

Finally, on June 18, 2021, Petitioner filed the instant Petition. Petitioner concedes that the Petition is untimely, but nonetheless asserts that the Petition should not be barred under 28 U.S.C. § 2244(d). ECF No. [1] at 14-15. Petitioner argues that "the COVID-19 pandemic in which his access to the law library was sever[e]ly impacted by the prison system quarantine policy" entitles him to equitable tolling. *Id.* at 15. Petitioner also asserts that the claims he raises in his Petition "are manifest injustice situat[io]n that have been previously presented to state courts as such[.]" *Id.*

Upon filing the Petition, Petitioner did not pay the $5 filing fee, nor did he file a motion to proceed *in forma pauperis*.³ On June 28, 2021, the Court ordered Petitioner to either pay the fee or file a motion to proceed *in forma pauperis* no later than July 28, 2021. ECF No. [4]. As of the date of filing, no filing fee or motion has been received.

## II.     LEGAL STANDARD

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 Cases, Rule 4. "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is not entitled to relief." *Id.* at 654 (citation and quotation marks omitted). In reviewing a petition under Rule 4, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

---

³ While Petitioner filed a Declaration in Support of Request to Proceed *in Forma Pauperis* that substantially followed the Court's form affidavit, he did not file an accompanying motion for leave to proceed *in forma pauperis* or file the required certificate. *See* ECF Nos. [3] & [4]; *see also* Rules Governing Section 2254 Cases, Rule 3.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). The one-year period commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." § 2244(d)(1)(A). Under this clause, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In Florida, when the District Court of Appeal affirms the conviction without a written or elaborated opinion, the judgment becomes final 90 days after affirmance. *See* Sup. Ct. R. 13; *Thaler*, 565 U.S. at 134; *see also Wells v. State*, 132 So. 3d 1110, 1113 (Fla. 2014) (holding that the Florida Supreme Court lacks discretionary review over a per curiam affirmance without written opinion). The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28 U.S.C. § 2244(d)(2). Consequently, where a petitioner sits on any claims or allows any time gaps to accrue post-conviction, § 2244's one-year clock continues to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

Should a petitioner fail to timely file a petition for a writ of habeas corpus, the petition may nonetheless be considered timely when the late filing is justified by principles of equitable tolling. The Supreme Court has established a two-part test for equitable tolling, holding that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citations omitted). A petitioner bears the "burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant

tolling is . . . , but rather how severe an obstacle it is for the prisoner endeavoring to comply with [§ 2244's] limitations period.'" *Id.* (quoting *Diaz v. Kelley*, 515 F.3d 149, 154 (2d Cir. 2008)). A habeas petitioner "is not entitled to equitable tolling simply because he alleges constitutional violations at this trial or sentencing." *Id.* (citation omitted).

Even if a petitioner's habeas petition is untimely and he is not entitled to equitable tolling, the petition may nonetheless be subject to review on the merits if the petitioner is able to adequately assert actual innocence. To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Proof of actual innocence requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

### III.   DISCUSSION

#### a.   Statutory Tolling

Upon review, the Court finds that the Petition is time-barred. On the face of the Petition and judicially noticed state court records, it is clear the AEDPA's one-year statute of limitations expired well before June 18, 2021, the day the Petition was filed. Petitioner's conviction became final on July 17, 2007, 90 days after the Fourth DCA per curiam affirmed the judgment. ECF No. [1] at 2; *see Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (per curiam) (holding that the expiration of a 90-day period for filing a petition for writ of certiorari is measured from the date of the entry of judgment).

Collateral motions, such as petitions for habeas corpus, Rule 3.850 motions for postconviction relief, and Rule 3.800 motions to correct an illegal sentence, toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Green v. Sec'y, Fla. Dep't of Corr.*, 716 F. App'x 877,

7

880 (11th Cir. 2017) (per curiam) (holding that Rule 3.800(c) motions toll the statute of limitations); *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1219 (11th Cir. 2017) (indicating that a Rule 3.850 motion sufficiently tolls the AEDPA's statute of limitations). To compute time under the AEDPA, the district court must "exclude the day of the event that triggers the period, count every day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, unless the last day is a Saturday, Sunday, or legal holiday." *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (alterations adopted) (citing Fed. R. Civ. P. 6(a)(1)). "The AEDPA clock continues to run until the individual seeking review files a state motion for post-conviction relief." *Id.* "The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief." *Id.* (citing *Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007)).

"In Florida, a state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues." *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (per curiam); *see Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that the time in which a petitioner may file an appeal from the denial of a motion for collateral relief tolls the limitations period). A petitioner may file overlapping collateral motions, so long as there is no "danger of conflicting rulings." *Forisso v. State*, 968 So. 2d 677, 678 (Fla. 4th DCA 2007) (citing *Francois v. Klein*, 431 So. 2d 165, 166 (Fla. 1983)); *see Baber v. State*, 696 So. 2d 490, 491 (Fla. 4th DCA 1997) (per curiam) (finding that trial court was not divested of subject matter jurisdiction to entertain petitioner's motion for post-conviction where petitioner had habeas corpus petition pending in appellate court).

According to the Supreme Court, an application is "properly filed" under 28 U.S.C. § 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court officer for placement

into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The term "properly filed" thus refers to the application's "compliance with the applicable laws and rules governing filings." *Id.* For example, the filing requirements typically include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted).

Records show Petitioner filed at least eleven collateral motions. *See* ECF No. [7] at 9-14; *but see* ECF No. [1] at 2-6 (showing Petitioner only listed four collateral motions). On March 24, 2008, Petitioner filed his first collateral motion—a petition for habeas corpus relief alleging ineffective assistance of appellate counsel in the trial court. ECF No. [1] at 3; ECF No. [7] at 14. However, on March 26, 2008, the trial court denied the petition. ECF No. [7] at 14. On April 28, 2008, Petitioner filed a notice of appeal, which the Fourth DCA construed as "a petition for writ of habeas corpus." ECF No. [8] at 1.

Under Florida law, a petition "alleging ineffective assistance of appellate counsel shall be filed in the court to which the appeal was taken." Fla. R. App. P. 9.141(d)(3); *see Forisso*, 968 So. 2d at 678 (finding that any claim alleging ineffective assistance of appellate counsel must be raised in a Rule 9.141(c) petition filed in the appellate court). Consequently, because it was improperly filed with the trial court, Petitioner's first petition for a writ of habeas corpus did not begin to toll the statute of limitations until April 28, 2008—when Petitioner filed a notice of appeal with the Fourth DCA. ECF No. [7] at 14; ECF No. [8] at 1; *see Johnson*, 3 So. 3d at 426 ("The trial court properly denied the petition. This is because a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel must be filed 'in the appellate court to which the appeal was or should have been taken.'" (citing Fla. R. App. P. 9.141(c)(2))). In this period, 286 days were untolled.

Time continued to toll until September 3, 2010 when the Fourth DCA issued its mandate

denying Petitioner's first Rule 3.850 motion. ECF No. [9] at 1; *see* ECF No. [7] at 13 (noting the mandate was filed September 7, 2010); *see also San Martin*, 633 F.3d at 1266 ("[Section] 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final.") (citation omitted). Time was untolled for 11 days until September 14, 2010, when Petitioner filed his first Rule 3.800 motion in the trial court. ECF No. [7] at 13. On March 14, 2011, the trial court denied Petitioner's first Rule 3.800 motion. *Id.* Without any collateral motions pending in state court, Petitioner had 68 days remaining or until May 23, 2011 to file a federal habeas petition.[4] Instead of his federal habeas petition, on May 23, 2011, Petitioner filed his second Rule 3.800 motion in the trial court, stopping the AEDPA clock. ECF No. [7] at 13. On November 26, 2013, after Petitioner had filed several more overlapping collateral motions, the trial court denied his fifth Rule 3.800 motion and no appeal was taken. Accordingly, Petitioner had until November 27, 2013 to file his federal habeas petition. Petitioner failed to file the instant Petition until June 18, 2021. ECF No. [1] at 1. Thus, the Petition is untimely.

### b. Equitable Tolling

Petitioner acknowledges the Petition is untimely, but argues he is entitled to equitable tolling because due to the state institution's Covid-19 quarantine policy, there were weeks when he was prevented from accessing the law library. *Id.* at 14-15. Petitioner's vague and conclusory allegations are insufficient to warrant the extraordinary remedy of equitable tolling. *See Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) ("[A]n inmate bears a strong burden to show specific facts to support his claim of [equitable tolling].") (citation omitted). Furthermore, because the one-year statute of limitations expired prior to the start of the Covid-19 pandemic, Petitioner has not alleged a causal connection between the extraordinary

---

[4] The statute of limitations was set to expire Saturday, May 21, 2011, however, per Fed. R. Civ. P. 6(a)(1), the deadline was extended to Monday, May 23, 2011. *See San Martin*, 633 F.3d at 1266.

circumstances and the late filing of the Petition.

### c. Actual Innocence

Additionally, Petitioner asserts the claims raised in the Petition are "manifest injustice" and are not subject to procedural bars. ECF No. [1] at 15. The Court disagrees. Liberally construing the claims, *see Enriquez,* 227 F. App'x at 837, Petitioner appears to argue that he is entitled to habeas relief based upon ineffective assistance of trial and appellate counsel for failing to raise issues of competency and prosecutorial misconduct. *Id.* at 4-11. Petitioner has not alleged any new evidence, thus, he cannot establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Bell*, 547 U.S. at 537 (citations omitted).

### d. Failure to Comply with Court Order

Finally, Petitioner was ordered to pay the $5 filing fee or file a motion to proceed *in forma pauperis* by July 28, 2021. *See* ECF No. [4] ("Order"). Petitioner was cautioned that "failure to comply with this Order may result in dismissal of this case." *Id.* at 2. As of this filing, Petitioner has not paid the filing fee, filed a motion, or moved for an extension of time or otherwise tried to justify his failure to comply. Accordingly, the Petition is also dismissed for failure to comply with the Court's Order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

### IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and instead must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). It is appropriate to issue a certificate of appealability where a petitioner makes "a

11

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's claim on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in order to be issued a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon review of the record and relevant authorities, the Court concludes that the Petitioner is not entitled to a certificate of appealability.

V.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED** as time-barred and for failure to comply with the Court's Order, ECF No. [4].
2. The Clerk of Court is directed to make the attached documents a part of the record:
    a. The online docket for Petitioner's Broward County case, No. 04-182582-CF-10B, ECF No. [7]; and
    b. The online docket for the Fourth District Court of Appeal case Nos. 4D08-1712, ECF No. [8]; 4D09-3500, ECF No. [9]; 4D11-2829, ECF No. [10]; 4D11-2936, ECF No. [11]; 4D12-1513, ECF No. [12]; 4D19-3077, ECF No. [13].
3. No certificate of appealability shall issue.
4. The Clerk of Court is directed to **CLOSE** this case.

Case No. 21-cv-61325-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric L. Johnson, *Pro Se*
#779161
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471