**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-61325-BLOOM

ERIC L. JOHNSON,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Petitioner Eric L. Johnson's ("Petitioner") Motions for Reconsideration, ECF No. [15], [16].[1] Petitioner seeks reconsideration of the Court's dismissal order and issuance of a certificate of appealability.[2] *Id.* at 3-4. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.  BACKGROUND

On June 18, 2021, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody, ECF No. [1], attacking the constitutionality of his convictions and sentences entered after jury trial in the Seventeenth Judicial Circuit in Broward County,

---

[1] The docket reflects that Petitioner filed two motions for reconsideration, the instant Motion, *see* ECF Nos. [16], [16-1], [16-2], and a separate document titled "Motion for Reconsideration," *see* ECF No. [15]. Upon review, the two motions are identical except that in the earlier filed motion includes exhibits that are attached to the main document. Nonetheless, the Court treats the later filed Motion as the operative one.

[2] The Court previously declined to issue a certificate of appealability. ECF No. [6] at 13-14. Liberally construed, *see Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted), the Court considers Petitioner's present request as a motion to reconsider issuance of a certificate of appealability.

Florida Case No. 04-182582-CF-10B. ECF No. [1] at 1. After review of the record, the Court dismissed the Petition as time-barred and for failure to comply with the Court's Order, ECF No. [4], instructing Petitioner to pay the $5 filing fee or file a motion to proceed *in forma pauperis* by July 28, 2021. *See generally* ECF No. [6]. A certificate of appealability did not issue. *Id.* at 11-12.

## II.     LEGAL STANDARD

A litigant may move for reconsideration pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). Similarly, under Rule 60(b), relief from a final order is appropriate based on:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud . . . misrepresentation, or other misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on the earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts or law of a strongly convincing nature. A motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or

present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).[3]

Petitioner raises two arguments in his Motion: (1) the Court erred in dismissing his Petition; and (2) manifest injustice occurred when the trial court ordered Petitioner to undergo a competency examination but never had one in violation of his Due Process and Equal Protection rights. ECF No. [16] at 1-3. On both grounds, Petitioner fails to set forth a sufficient basis to justify reconsideration of the Court's Order.

### III.   DISCUSSION

*Filing Fee*. Petitioner cannot meet his burden to demonstrate that the Court clearly erred for dismissing his Petition, in the alternative, for failure to comply with the Court's Order. Along with his Petition, Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP Motion"). ECF No. [3]. After review, the Court determined that the IFP Motion was deficient and ordered Petitioner, by July 28, 2021, to either refile a corrected motion or pay the Clerk's $5.00 filing fee. ECF No. [4] at 2. The docket does not reflect that a filing fee was paid or that Petitioner refiled an IFP Motion prior to July 28, 2021.

Here, Petitioner submits as evidence documentation which he purports demonstrates that he timely paid the $5.00 filing fee prior to the July 28, 2021 deadline. ECF No. [16] at 6. The document appears to be a receipt from the Moore Haven Correctional Facility where Petitioner is incarcerated reflecting that on July 7, 2021, a check for $5.00 was withdrawn from an account bearing his name with the description, "U.S. Southern District of Florida." *Id.*

There are several deficiencies with Petitioner's submission. First, the receipt is unsigned.

---

[3] The Court notes that Petitioner has not identified whether he moves under Rule 59(e) or Rule 60(b). Under either Rule, however, the Motion is timely.

*Id.* Next, while the label "description" states "U.S. Southern District of Florida," the receipt does not identify the intended recipient of the $5.00 filing fee. *Id.* Additionally, in contravention of the Court's Order, Petitioner's case number does not appear on the receipt. *Id.*; *see* ECF No. [4] at 2 ("If Petitioner pays the filing fee, the payment must bear **Case No. 21-cv-61325-BB** so the fee will be docketed in the correct case." (emphasis in original)).

Petitioner has failed to meet the high burden on a motion for reconsideration to demonstrate that, as to the alternative basis of dismissal, failure to comply with the Court's order entitles him to relief. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." (citation omitted)).

*Manifest Injustice*. Even if Petitioner could meet his burden with regard to payment of the filling fee, he would still be required to meet his burden of demonstrating that the Court erred in dismissing his Petition as time-barred. He has not.

Petitioner argues that he meets the "manifest injustice" exception to statutory tolling under the AEDPA because the "lower court" ordered him to submit to a competency examination under Fla. R. Crim. P 3.211 and "[t]he record will show that this examination was ordered by the court and never given to the [Petitioner]." ECF No. [16] at 2. Petitioner claims that the failure to conduct a competency examination on him violated his Fifth Amendment Due Process rights. Additionally, Petitioner cites to several Florida appellate court opinions and argues that he "was not afforded the same procedural rights as other Defendant[]s in like cases" in violation of Equal Protection Clause of the Fourteenth Amendment. *Id.* at 1-3.

Petitioner raised a similar, albeit not identical, argument in his Petition, which the Court considered and rejected in its Order dismissing the case. ECF No. [1] at 8-9, 15; *see* ECF No. [6] at 11 ("Petitioner appears to argue that he is entitled to habeas relief based upon ineffective

4

assistance of [counsel] for failing to raise issues of competency . . . . Petitioner has not alleged any new evidence; thus, he cannot establish that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (alterations added; citations and internal quotation marks omitted)).

"The [AEDPA] establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (alteration added; citing 28 U.S.C. § 2244(d)(1)). An untimely petition may be excepted from the time bar if the petitioner adequately asserts manifest injustice or actual innocence. To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Proof of actual innocence requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

Whether the Court considers Petitioner's argument as new or as previously raised and rejected, neither entitles Petitioner to relief. *See Michael Linet, Inc.*, 408 F.3d at 763. More so, Petitioner's claim that the record shows that the lower court ordered him to undergo a competency examination is unsupported. Petitioner did not provide a record cite or details regarding where and when the competency exam was ordered. And a review of the online court docket does not reflect any such order. *See* ECF No. [7].

In sum, Petitioner has not met his burden to prove that manifest injustice necessitates relief from dismissal on the basis that his Petition was time-barred. Furthermore, because Petitioner's Motion does not present any basis for this Court to grant relief, the Court finds that Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, he is not entitled to a certificate of appealability.

Case No. 21-cv-61325-BLOOM

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Eric L. Johnson's Motion for Reconsideration, **ECF No. [16]**, is **DENIED**.

2. No certificate of appealability shall issue.

3. The Clerk is directed to strike Petitioner's Motion for Reconsideration, **ECF No. [15]**, as duplicative.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Eric L. Johnson, *Pro Se*
#779161
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471